UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIANNA BAILEY,<br><br>             Plaintiff,<br><br>    v.<br><br>KENDRA LATIMORE, et al.,<br><br>            Defendants. | Case No. 5:17-cv-04374-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**ORDER GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |

Defendants Kendra Latimore, Rita DeOlivera, and Robert James seek to remove this unlawful detainer action from the Santa Clara County Superior Court. They also apply for leave to proceed in forma pauperis (IFP). Having reviewed the record, and for the reasons stated below, the undersigned grants the IFP applications and recommends that this matter be remanded to the state court for lack of federal subject matter jurisdiction.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5

(9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This court grants each defendant's IFP application. Nevertheless, defendants cannot proceed in this court because the undersigned concludes that there is no federal jurisdiction over this matter and this case should be remanded to the state court.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendants fail to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. Allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction. Plaintiff's complaint presents a claim arising only under state law. It does not allege any federal claims whatsoever.

There is also no basis for diversity jurisdiction under 28 U.S.C. § 1332. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332. As local defendants, Latimore, DeOlivera, and James cannot remove this case here. Spencer v. U.S. Dist. Ct. for Northern Dist. of California, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars

removal."); 28 U.S.C. § 1441(b)(2) (stating that a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). In any event, the complaint indicates that the amount in controversy does not exceed $10,000. (Dkt. 1 at ECF p. 6). Moreover, unlawful detainer actions involve the right to possession alone, not title to the property. So, the fact that the subject property may be worth more than $75,000 is irrelevant. MOAB Investment Group, LLC v. Moreno, No. C14-0092EMC, 2014 WL 523092 at *1 (N.D. Cal., Feb. 6, 2014); Maxwell Real Estate Investment LLC v. Bracho, No. C12-02774RMW, 2012 WL 2906762 at *1 (N.D. Cal., July 13, 2012).

The removal of this case was improper. Defendants are advised that repeated attempts to remove this matter may result in sanctions.

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County Superior Court. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72.

SO ORDERED.

Dated: August 4, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California

5:17-cv-04374-HRL Notice has been electronically mailed to:

Brian Skarbek     brian@skarbeklaw.com

5:17-cv-04374-HRL Notice sent by U.S. Mail to:

Kendra Latimore
3294 Floresta Drive
San Jose, CA 95148

Rita DeOlivera
3294 Floresta Drive
San Jose, CA 95148

Robert James
3294 Floresta Drive
San Jose, CA 95148